CHRISTOPHER NATIVIDAD
1900 Simler Avenue
Big Spring, Texas  79720

Petitioner

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 13 2006

at ___ o'clock and ___ min ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CV06 00026 DAE LEK

| | |
|---|---|
| CHRISTOPHER NATIVIDAD, ) | CR. NO. 02-00245 DAE |
| Petitioner, ) | |
| v. ) | PETITION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE; AND, CERTIFICATE OF SERVICE |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

PETITION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE

Pursuant to 28 U.S.C. §2255, Petitioner CHRISTOPHER NATIVIDAD, submits the foregoing Petition To Vacate, Set Aside, Or Correct A Sentence by a person in federal custody.  This Petition is supported by the Declaration of Christopher Natividad and the records and files incorporated herein as reference.

I.   TIMELINESS; AND, PRESERVATION FOR RELIEF

This Petition is brought forth in light of the new rules announced by the United States Supreme Court in Shepard v. U.S., ____ U.S. ____, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); U.S. v. Booker, ____ U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and, Dodd v. U.S., 545 U.S. ____, 162 L.Ed.2d 343, 125 S.Ct. ____, (2005).

In Dodd, the Supreme Court held that the one-year limitation period pursuant to 28 U.S.C. §2255 ¶6(3) to file a petition to vacate, set aside, or correct a sentence begins when the right was "newly recognized by the Supreme Court," not when the right is held to apply retroactively.

Although the new rules in both Shepard and Booker have yet to be held retroactive, in accordance with Dodd, this Petition is timely filed within the one-year limitation period pursuant to 28 U.S.C. §2255 ¶6(3), in future anticipation that the Supreme Court or any of its progeny will hold that Shepard and Booker are indeed retroactive; thus, preserving Petitioner's right to seek relief in the event such occasion arises.

II.  PROCEDURAL HISTORY; AND, FACTUAL BACKGROUND

On May 23, 2002, Petitioner was arrested by HPD and FBI and made an initial appearance before Magistrate Judge Leslie E. Kobayashi on June 3, 2002.  On June 13, 2002, a four count indictment was filed:

- Count 1. Distribution of 5 Grams or more of methamphetamine, approximately 16.7 grams within 1000 feet of a private elemantary school, 21 U.S.C. 841 (A) and 860 on May 7, 2002;
- Count 2. Distribution of 5 grams or more of methamphetamine, approximately 27.3 grams on May 8, 2002;
- Count 3. On May 17, 2002, distribution of 5 grams or more of methamphetamine, approximately 42.49 grams; and,
- Count 4. On May 23, 2002, possession with intent to distribute 50 grams or more of methamphetamine, approximatelt 82.52 grams in violation of 21 U.S.C. 841(A)(1)

-3-

On June 18, 2002, Petitioner appeared before U.S. Magistrate Judge Leslie E. Kobayashi and consented to plead to a felony before a U.S. Magistrate Judge. Petitioner pled guilty to Counts 1-4 of the indictment. There is no plea agreement in this case. The Magistrate referred Petitioner to the U.S. Probation Department for the preparation of a presentence report ("PSR"). The Magistrate Judge further filed a report and recommendation that the guilty plea be accepted and that Petitioner be ajudged guilty.

On August 12, 2002, an acceptance of plea of guilty, adjudication of guilt and notice of sentencing was filed by Chief U.S. District Court Judge David A. Ezra.

The PSR established Petitioner's base offense level upon the cummulative amount of drugs Petitioner was responsible for in Counts 1-4 and a 1 level enhancement for an offense within a protected location. Petitioner further received a 2 level enhancement for obstruction of justice.

On February 24, 2003, the court "adopted the factual findings and guideline application in the presentence report" and Petitioner was sentenced to 262 months imprisonment and 8 years supervised release (Stetement Of Reasons).

III. GROUNDS FOR RELIEF

    A.    Petitioner's Sixth Amendment Right To Trial By Jury Was Violated When The Court, Under The Mandatory Sentencing Scheme, Enhanced Petitioner's Sentence Based On Judge Found Facts, By A Preponderance Of The Evidence, And Not Supported By The Indictment And Guilty Plea.

In Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed. 2d 435,

120 S.Ct. 2348 (2000), the Supreme Court held that the Federal Constitution mandates that any fact (other than the fact of a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt.

Even one step further, the Supreme Court in Booker, held that the mandatory sentencing enhancements established by the U.S. Sentencing Guidelines, on the basis of judge found facts, by a preponderance of the evidence, violated the Sixth Amendment right to trial by jury. The court remedied this problem by excising portions of the guidelines and converted the guidelines from a mandatory to an advisory scheme.

In this case, Petitioner pled guilty to approximately 169 grams of methamphetamine for Counts 1-4. According to the guidelines, the base offense level for at least 50 grams but less than 200 grams is level 26. Petitioner also pled guilty in Count 1 to committing an offense within a protected area which results in a 1-level increase to level 27. Petitioner's criminal history catagory was established at catagory lV. However, Petitioner received a 2-level departure for acceptance of responsibility and a 1-level departure for pleading in a timely manner. This resulted in an offense level 24, catagory lV.

Under the guidelines, the maximum prison sentence authorized by the guilty plea alone was 77-96 months.

At the sentencing hearing, the court found additional facts

by a preponderance of the evidence.

The court found that Petitioner was responsible for the total amount of drugs under relevant conduct and its purity. The court found that Petitioner was responsible for 193 grams of ice equivalent to 3,863 kilos of marijuana and 3,208 grams of generic methamphetamine equivalent to 6,417 kilos of marijuana for a grand total of 10,280 kilos of marijuana. According to the guidelines the base offense level for at least 10,000 but less than 30,000 kilos of marijuana is level 36. The court also added the 1-level increase for commiting an offense within a protected area to reflect level 37.

The court further found that Petitioner obstructed justice during an investigation which resulted in another 2-level increase to level 39 catagory lV or 360-life. With the three level departures for acceptance of responsiblity and pleading in a timely manner, Petitioner's adjusted offense level and catagory score now reflected base offense level 36 catagory lV or 262-327 months.

Petitioner's final sentence, with the judge found facts by a preponderance of the evidence, resulted in a prison sentence of 262 months and 8 years supervised release.

Booker now invalidates such sentences. According to Booker, the maximum prison sentence authorized by the guilty plea standing alone is 77-96 months. Petitioner's enhanced sentence, based on judge found facts by a preponderance of the evidence, violated his Sixth Amendment right to trial by jury.

This type of jury trial error in which Petitioner was subjected to, in violation of the Sixth Amendment, is a fatal structural error always requiring resentencing under the now advisory scheme. This is so because there is no greater injustice than to require a criminal defendant to serve a prison sentence that was unconstitutionally obtained. The failure to correct such an unconstitutional sentence, to be sure, constitutes a gross miscarriage of justice.

IV. CONCLUSION

Based upon the foregoing arguments and authorities, Petitioner respectfully requests that the sentence within be vacated and set aside, and corrected.

This the 19 day of December, 2005.

_Christopher Natividad_
CHRISTOPHER NATIVIDAD


CHRISTOPHER NATIVIDAD declares under penalty of perjury that the foregoing is true and correct and that this Petition To Vacate, Set Aside, Or Correct A Sentence under 28 U.S.C. §2255 was placed in the prison mailing system on the 19 day of December, 2005.

This 19, day of December, 2005.


_Christopher Natividad_
CHRISTOPHER NATIVIDAD