EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  Beverly.Sameshima@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER NATIVIDAD, | ) | CV. NO. 06-00026 DAE-LEK |
| | ) | CR. NO. 02-00245 DAE |
| Petitioner, | ) | |
| | ) | UNITED STATES' RESPONSE TO |
| vs. | ) | MOTION UNDER 28 U.S.C. § 2255 |
| | ) | TO VACATE, SET ASIDE OR |
| UNITED STATES OF AMERICA, | ) | CORRECT SENTENCE BY A PERSON |
| | ) | IN FEDERAL CUSTODY; |
| Respondent. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | |

**UNITED STATES' RESPONSE TO MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR
<u>CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY</u>**

The United States of America ("United States") by the undersigned attorney, hereby responds to Christopher Natividad's ("Natividad") motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

I. **FACTUAL BACKGROUND**

On June 13, 2002, Natividad was charged in a four-count Indictment, charging him with three instances of knowing and intentional distribution of five grams or more of methamphetamine, its salts, isomers and salts of its isomers within 1,000 feet of a private elementary school, in violation of 21 U.S.C. § 860. He was also charged with possession with intent to distribute more than 50 grams (approximately 82.52 grams) of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

On June 18, 2002, Natividad appeared for his arraignment and plea, and at that time entered a guilty plea to the four-count Indictment before the Magistrate Judge.

On August 12, 2002, an Acceptance of Plea of Guilty, Adjudication of Guilt and Notice of Sentencing was filed by this Court. This Court accepted Natividad's guilty plea based on a Report and Recommendation filed by the Magistrate Judge.

On February 24, 2003, this Court determined that Natividad's total offense level was 36, his guideline range was 262 to 327 months, and his criminal history category was IV. This Court then imposed a sentence of 262 months, at the bottom of the guideline range. The Court denied Natividad's motion for downward departures based on sentencing entrapment and sentencing manipulation.

On February 28, 2003, Natividad filed a Notice of Appeal to the Ninth Circuit appealing his conviction and sentence.

On October 20, 2003, the United States Court of Appeals for the Ninth Circuit held that the District Court's decision not to grant a downward departure based upon Natividad's claim of sentencing entrapment or sentencing manipulation is not reviewable under <u>United States v. Romero</u>, 293 F.3d 1120, 1126 (9th Cir.), <u>cert. denied</u>, 123 S. Ct. 948 (2003). Natividad's appeal was thereafter dismissed. Natividad did not file a petition for writ of certiorari.

On January 13, 2006, Natividad filed, <u>pro se</u>, in the United States District Court for the District of Hawaii, the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**II.  <u>ARGUMENT</u>**

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.

Natividad bases his late filing on the United States Supreme Court decisions in United States v. Booker, 125 S. Ct. 738, 757 (2005) and Dodd v. United States, 125 S. Ct. 2478 (2005).  It appears that Natividad is attempting to preserve a one-year statute of limitations period for filing a § 2255 motion under subsection (3) of Section 2255– within one year from the date on which the Supreme Court initially recognized a new right asserted and not from the date on which the new right asserted was made retroactively applicable.  In other words, it appears Natividad is filing this instant § 2255 motion within one year of Booker in hopes that Booker will be made retroactively applicable in the unseen future.  For the reasons set forth below, Natividad's § 2255 motion is time barred and should be summarily dismissed.

     **A.**    **Natividad's § 2255 Motion is Time Barred**

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which severely limited the scope of federal habeas corpus.  As part of the AEDPA, Congress established a one-year statute of limitations for writs of habeas corpus.  See 28 U.S.C. § 2255.  The one-year period runs from the latest of the dates on which:

     (1) the judgment of conviction becomes final;

     (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of

the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Ninth Circuit affirmed Natividad's conviction on October 20, 2003. Natividad did not file a petition for writ of certiorari. Therefore, the one-year statute of limitations began to run on or about January 19, 2004, 90 days after the entry of judgment on direct review (October 20, 2003). See United States v. Garcia, 210 F.3d 1058 (9th Cir. 2000). Under Section 2255 of Title 28, United States Code, Natividad must file his petition one year from the **latest** of four possible times. Under subsection (1), Natividad had one year from the date upon which his judgment was final, or January 19, 2005. Natividad filed this instant motion on January 13, 2006, almost one year ***after*** the statute of limitations expired.

The only other possible subsection which could apply to Natividad's situation is subsection (3), the "date on which the right asserted was initially recognized by the Supreme Court, if

that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Natividad's late filing appears to be premised on this subsection and on a claim that the one year statute of limitations runs from the time Booker was decided because it is a newly recognized right.  Under Dodd v. United States, 125 S. Ct. 2478 (2005), the majority held that the one-year limitation for filing a motion to vacate based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable.  United States v. Dodd, 125 S. Ct. 2478 (2005). Accordingly, the petitioner's Section 2255 petition was time barred where not filed within the one year of the newly recognized right, the Richardson case, but within the year of when that right was deemed retroactively applicable.  Id. at 2482.

However, the Dodd case does not apply to a case where the newly recognized right has never been deemed to be retroactively applicable.  To the contrary, the Ninth Circuit and every other circuit facing this issue has found that Booker is not applicable to cases on collateral review.  United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005).  In Cruz, the Ninth Circuit stated, "[w]e now join every other circuit that has considered

6

the question in holding that the rule announced by Booker does not meet any of the Teague exceptions, and thus does not operate retroactively." Id. at 1120.  See United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3rd Cir. 2005); Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005).  The Cruz court concluded that Booker is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of Booker's publication. United States v. Cruz, 423 F.3d at 1121.  The Cruz Court held that "in order to have a retroactive effect, new rules either must be substantive or, if procedural, they must be 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" Id. at 1120, citing to Schriro v. Summerlin, 542 U.S. 348, 353 (2004).

   In this case, subsection (3) of Section 2255 is not applicable because Booker has not been found to be retroactive and therefore does not apply to Natividad's case.  Dodd forecloses any claim that the time should be calculated when the Booker decision becomes retroactively applicable to cases on collateral review, especially where this Circuit's law holds otherwise. Cruz, supra, at 1121.

7

Nor can Natividad's late petition fall within any other exception to the one year statute of limitations. In Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998) (overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998)), the Ninth Circuit held that equitable tolling of the AEDPA's one-year statute of limitations period is permitted "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288-89 (citation omitted). The Ninth Circuit instructed district courts to "only authorize extension when this high hurdle is surmounted." Id.

Natividad has not offered, nor does the record reveal, any circumstances which would have prevented him from filing his § 2255 motion in a timely manner. There is no evidence presented that would establish the "extraordinary circumstances" beyond Natividad's control that would allow for an equitable tolling. Therefore, Natividad's grounds for relief are barred by the statute of limitations.

//
//
//
//
//

WHEREFORE, for all of the foregoing, the United States of America requests that Natividad's petition under Section 2255, Title 28, United States Code be dismissed.

DATED:  March  , 2006, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By   /s/ Beverly Wee Sameshima
    BEVERLY WEE SAMESHIMA
    Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

> Christopher Natividad
> Reg. No: 89503-022
> FCI Big Spring
> Federal Correctional Institution
> 1900 Simler Avenue
> Big Spring, TX  79720
>
> Pro Se

DATED:  March 6, 2006, at Honolulu, Hawaii.

/s/ Dawn M. Aihara