IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHRISTOPHER NATIVIDAD,       )<br>                                                       )<br>               Petitioner,               )<br>                                                       )<br>     vs.                                           )<br>                                                       )<br>UNITED STATES OF AMERICA,  )<br>                                                       )<br>               Respondent.             )<br>_____ ) | CV. NO. 06-00026 DAE-LEK<br>CR. NO. 02-00245-01 DAE |

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's motion and the supporting and opposing memoranda, the Court DENIES Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255.

BACKGROUND

On June 18, 2002, Christopher Natividad ("Defendant") pled guilty to a four-count indictment charging him with three instances of knowing and intentional distribution of five grams or more of methamphetamine within 1,000 feet of an elementary school and one instance of possession with intent to

distribute more than 50 grams of methamphetamine. Defendant's guilty plea was accepted on August 12, 2002.

On February 24, 2003, this Court, using the Federal Sentencing Guidelines, determined Defendant's applicable advisory guideline range to be 262 to 327 months and sentenced Defendant to 262 months imprisonment. In doing so, the Court denied Defendant's motion for downward departure based on sentencing entrapment and sentencing manipulation.

Defendant appealed to the Ninth Circuit on February 28, 2003, and on October 20, 2003, the court dismissed his appeal. Defendant did not pursue any further appeal. On January 13, 2006, Defendant, proceeding pro se, filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (the "Motion").

## STANDARD OF REVIEW

A.   28 U.S.C. § 2255

This Court's review of Petitioner's Motion is provided for by statute as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

>law, or is otherwise subject to collateral attack, may move
>the court which imposed the sentence to vacate, set aside or
>correct the sentence.

28 U.S.C. § 2255.

The scope of collateral attack of a sentence under 28 U.S.C. § 2255 is limited, and thus it does not encompass all claimed errors in conviction and sentencing. United States v. Addonizio, 442 U.S. 178, 185 (1979).

Under 28 U.S.C. § 2255, the Court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). The Ninth Circuit has clarified, however, that "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

28 U.S.C. § 2255 imposes a one-year statute of limitations on the filing of habeas petitions. The one-year statute of limitations begins to run from the latest of:

3

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

## DISCUSSION

Defendant filed his Motion on January 13, 2006, approximately two years and three months after his conviction was upheld by the Ninth Circuit. Therefore, Defendant's Motion is clearly barred by the one-year statutory limitation counting from the date that judgment became final. Defendant does not claim any new facts or government impediments, so the second and fourth points from which the Court may determine the one-year limitation are inapplicable. Instead, Defendant specifically relies on the third point from which the one-year limitation can begin to run: the date on which a new right, asserted by Defendant, is recognized by the Supreme Court and held retroactively applicable on collateral review.

The new right that Defendant asserts stems from the rule of <u>United States v. Booker</u>, 543 U.S. 220 (2005). Defendant states that "this Petition is timely filed . . . in future anticipation that the Supreme Court or any of its progeny will hold that . . . Booker [is] indeed retroactive." However, as Defendant's Motion clearly acknowledges, the Supreme Court has yet to rule that <u>Booker</u> is retroactively applicable upon collateral review.

In fact, every circuit to address this issue including the Ninth Circuit has found that the rule of <u>Booker</u> is not retroactively applicable. <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005) ("We now join every other circuit that has considered the question in holding that the rule announced by *Booker* does not meet any of the *Teague* exceptions, and thus does not operate retroactively."). <u>See</u> <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.)

The Seventh Circuit's holding emanates from, and is in direct accordance with, the Supreme Court's retroactivity framework in <u>Teague v. Lane</u>, 489 U.S. 288 (1989) and its application of that framework to a ruling very similar to the <u>Booker</u> ruling in <u>Schriro v. Summerlin</u>, 542 U.S. 348 (2004). <u>See also</u> <u>Humphress v. United States</u>, 398 F.3d 855, 860 (6th Cir. 2005) ("we conclude that

*Booker's* rule does not apply retroactively in collateral proceedings."); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005) ("While neither this Court nor the Supreme Court has addressed the retroactivity of Blakely or Booker in the context of a § 2255 motion the Supreme Court's recent decision in Schriro v. Summerlin is essentially dispositive . . . . [A]s the Supreme Court concluded in Schriro, we conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.") (internal citations omitted); United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005) ("We now join all other circuits that have examined the question and conclude Booker does not apply retroactively to initial habeas petitions . . . ."); Lloyd v. United States, 407 F.3d 608, 615-16 (3rd Cir. 2005) (Because *Booker* announced a rule that is "new" and "procedural," but not "watershed," *Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued."); and Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005) (". . . . *Booker* is not retroactive, *i.e.,* it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued.").

As the above discussion indicates, Defendant relies on an unestablished rule of law in the hope that the Supreme Court will at some future time determine that the holding in <u>Booker</u> is retroactively applicable to cases on collateral review. However, Defendant cannot escape the one-year statutory limitation proscribed by 28 U.S.C. § 2255 on this hope alone. Defendant may renew his Motion if and when the Supreme Court overrules all of the circuit courts to have ruled on this issue and decides that the holding in <u>Booker</u> is retroactively applicable.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 10, 2006.



David Alan Ezra
United States District Judge

<u>Christopher Natividad v. United States of America</u>, CR. NO. 02-00245-01 DAE; CV. NO. 06-00026 DAE-LEK; ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255